[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 14, 2005
THOMAS K. KAHN
CLERK

————————————————

No. 04-13415
Non-Argument Calendar

————————————————

BIA Nos. A79-478-881, A79-478-882,
A79-478-883, A79-478-884

HERNANDO ZULOAGA VILLABONA,
BEATRIZ EUGENIA ROJAS RENTERIA, et. al.,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision
the Board of Immigration Appeals

————————————————

**(June 14, 2005)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Hernando Zuloaga Villabona ("Villabona"), his wife, Beatriz Eugenia Rojas
Renteria, and their children, Andres Felipe Zuloaga Rojas and Luisa Fernanda
Zuloaga Rojas (collectively, "Petitioners") petition this court to review the Board

of Immigration Appeal's ("BIA's") summary order affirming the Immigration Judge's ("IJ's") decision denying their application for asylum. Because the immigration proceedings in this case commenced after April 1, 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996), govern this petition for review.

Petitioners present two issues. First, they contend that the BIA denied them due process of law by failing to review adequately the fact they raised in appealing the IJ's decision to the BIA—that, if returned to Colombia, the ELN would kill Villabona and physically harm the rest of the family. Petitioners concede that the BIA is authorized to affirm an IJ decision without an opinion, but they say that, in this case, the BIA should have issued an opinion stating the bases for its decision with particularity.

The relevant regulations provide that a single BIA member may affirm an IJ's decision without an opinion if -

> the Board Member determines that the result reached in the decision under review was correct; that any errors in the decision under review were harmless or nonmaterial; and that
>
> (A) the issues on appeal are squarely controlled by existing Board or federal court precedent and do not involve the application of precedent to a novel factual situation; or

(B) the factual and legal issues raised on appeal are not so substantial that the case warrants issuance of a written opinion in the case.

8 C.F.R. § 1003.1(e)(4)(i). Such an order does not necessarily imply approval of all of the reasoning of the IJ's decision, but it does signify the BIA's conclusion that any errors the IJ may have committed were harmless or immaterial. See id. § 1003.1(e)(4)(ii). Thus, under the regulations, Petitioners were not entitled to a full opinion by the BIA.

In this case, nothing in the record shows that the BIA failed to follow its regulations. Moreover, as is apparent from the following discussion, the BIA reasonably could conclude that this case met the standard for affirmance without opinion. Hence, the agency acted in accordance with its own regulations, and we deny the Petitioners' petition as to this issue.

As their second issue, Petitioners contend that the BIA erred in determining that Villabona was not persecuted on account of his membership in a social group. They assert the following: (1) Villabona belongs to a specific social group of former governmental employees, and these employees "have a shared knowledge regarding the government." (2) The ELN targeted Villabona because of his membership in this group and the information he gained during the time he was employed by the government. (3) Villabona was perceived as loyal to the

3

government, and in opposition to the ELN, and was thus persecuted as a result of his imputed political opinion. (4) they have demonstrated that they have a well-founded fear of future persecution. (5) Villabona attempted to relocate three times within Colombia, but the ELN found and contacted him each time.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA in this case expressly adopted the IJ's decision, we "review the IJ's analysis as if it were the [BIA's]." See id. To the extent that the IJ's decision was based on a legal determination, our review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). We must uphold the IJ's factual determination that an alien is not entitled to asylum if it is supported by substantial evidence. See Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001); cf. Immigration and Nationality Act ("INA") § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B) (providing that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). Under this highly deferential standard of review, we reverse the denial of asylum only if the evidence would compel a reasonable factfinder to find that the requisite fear of persecution exists. INS v.

Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S.Ct. 812, 815 n.1, 117 L. Ed. 2d 38 (1992).

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1).

A "refugee" is:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. Sepulveda v. U.S. Attorney Gen., 378 F.3d 1260, 1264 (11th Cir. 2004). If the applicant meets this burden, then the Attorney General may exercise his discretion to grant the applicant asylum. Id. In this case, because the IJ concluded that Petitioners failed to establish their eligibility for asylum, there was no exercise of discretion. Accordingly, we need only address the

question of whether substantial evidence supports the IJ's conclusion that Petitioners failed to establish that they were statutorily eligible for asylum.

An alien is entitled to asylum if he or she can establish, with specific and credible evidence: (1) past persecution on account of his or her membership in a particular social group, political opinion, or other statutorily listed factor, or (2) a "well-founded fear" that his or her membership in a particular social group, political opinion, or other statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Sepulveda, 378 F.3d at 1264. "[A]n applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." Sepulveda, 378 F.3d at 1264 (internal quotation omitted). Establishing a nexus between the statutorily listed factor and the feared persecution requires the applicant to "present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" the statutorily listed factor. Id. (internal quotation omitted).

If the alien demonstrates past persecution, he or she is presumed to have a well-founded fear of future persecution unless the government can rebut the presumption. 8 C.F.R § 208.13(b)(1). If, however, the alien does not establish past persecution, he or she bears the burden of showing a well-founded fear of persecution by showing that (1) he or she fears persecution based on his or her

6

membership in a particular social group, political opinion, or other statutorily listed factor; (2) there is a reasonable possibility he or she will suffer persecution if removed to his or her native country; and (3) he or she could not avoid persecution by relocating to another part of his or her country, if under all the circumstances, it would be reasonable to expect relocation. See 8 C.F.R. § 208.13(b)(2), (3)(i).

Neither the INA nor the regulations define "persecution." We have indicated that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Sepulveda, 378 F.3d at 1264 (internal quotations omitted). Other courts have held that, to be an act of persecution, the behavior must threaten death, punishment, or the infliction of substantial harm or suffering. See Sharif v. INS, 87 F.3d 932, 935 (7th Cir. 1996). "Threats alone generally do not constitute actual persecution; only rarely, when they are so immediate and menacing as to cause significant suffering or harm in themselves, do threats per se qualify as persecution." Vatulev v. Ashcroft, 354 F.3d 1207, 1210 (10th Cir. 2003). "To qualify as persecution, a person's experience must rise above unpleasantness, harassment, and even basic suffering." Nelson v. INS, 232 F.3d 258, 263 (1st Cir. 2000).

In this case, substantial evidence supports the IJ's determination that Petitioners failed to demonstrate either past persecution or a well-founded fear of future persecution on account of a protected ground, as they failed to demonstrate, with specific and credible evidence, that they suffered or will suffer persecution on account of their political opinion or membership in a social group. 8 C.F.R. § 208.13(a), (b); Sepulveda, 378 F.3d at 1264. Petitioners failed to demonstrate past persecution; all they established was that they received threatening phone calls from the ELN. "Threats alone generally do not constitute actual persecution." See Vatulev, 354 F.3d at 1210. Furthermore, they failed to establish that the ELN threatened Villabona because he was a former government employee. Rather, as Villabona admitted, the ELN targeted him because of his investigation into robberies that occurred at Emcali and because "[he] was meddling in things that were not [his] business." Finally, although Villabona may have been active in the Conservative Party, the record contains no evidence establishing, nor does her assert, that the ELN targeted him because of such activity or his political opinion. Petitioners' petition is therefore due to be, and is,

DENIED.